IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GEORGE F. CAMPBELL, ) | |
|     Plaintiff, ) | Civil Action No. 7:14cv00658 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MR. FRYMEYER, ) | By: Norman K. Moon |
|     Defendant. ) | United States District Judge |

George F. Campbell, a Virginia inmate proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendant Jail Officer Frymeyer used excessive force against him when Frymeyer "came up behind [Campbell] and put his hands on [Campbell's] side with a force [and] then push[ed Campbell] from behind in the back at the same time . . . ." Campbell alleges that he suffered "some little bruises" on his side and he now feels like he has to "walk on eggshells" around Frymeyer. I conclude that Campbell's allegations fail to state a claim and, therefore, will dismiss this action without prejudice.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Excessive force claims are examined by inquiring whether the prison officials applied force "in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In making this determination, courts should examine the need for the application of force, the relationship between the need for force and amount of force used, the extent of the injury inflicted, the threat to the safety of prison staff or other inmates as reasonably perceived by prison officials, and any efforts made to temper the severity of the response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986). The absence of a significant injury alone is not dispositive of an excessive force

claim. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). However, the extent of injury suffered by the plaintiff is relevant, both because it may suggest whether the use of force could plausibly have been thought necessary in a particular situation, and because it may provide some indication of the amount of force applied. *Id.* "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," transgresses clearly established constitutional rights. *Graham v. Connor*, 490 U.S. 386, 396 (1985). "An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins*, 559 U.S. at 38. Further, the Constitution does not "protect against all intrusions on one's peace of mind." *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991), *abrogated on other grounds by Cnty. of Sacramento v. Lewis*, 523 U.S. 833 (1998). Even after accepting all of Campbell's factual allegations as true, I conclude that they are insufficient to state a constitutional violation and, therefore, will dismiss this action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

**ENTER**: This 18th day of February, 2015.

*/s/ Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE